Gurmeet SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73501.
Agency No. A75–251–271.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Gurmeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

The IJ's identified a number of inconsistencies within Singh's testimony and asylum application concerning the details of his arrests and his political involvement with the All India Sikh Student Federation. Also, Singh admitted that he lied to the court about his past criminal record in the United States. Taken together, the inconsistencies and falsehoods were sufficiently material to permit the IJ to find that Singh was not credible. *See Singh–Kaur*, 183 F.3d at 1149–52. Because a reasonable factfinder would not be compelled to reach a contrary conclusion, we

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

uphold the IJ's adverse credibility finding. *See id.* at 1149.

Because Petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Singh's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir. 2003). We need not consider separately whether the BIA erred by streamlining petitioner's case because substantial evidence supports the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

**PETITION FOR REVIEW DENIED.**